■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant.—Judgment, Supreme Court, Bronx County (Joseph A. Mazur, J., at *Mapp* and *Huntley* hearing; Arlene Silverman, J., at plea and sentence), rendered January 16, 1990, convicting defendant of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment of 1½ years to 3 years, unanimously affirmed.

A hearing court's findings of fact are entitled to great deference *(People v Falciglia,* 153 AD2d 795, *affd* 75 NY2d 935).* The arresting officer, who was the only witness at the hearing, testified, in substance, that he observed crack vials in defendant's hand as defendant ran down the steps of a housing project; that he accompanied defendant to an apartment where defendant claimed he resided; and that he formally arrested the defendant only after ascertaining that defendant was not a resident of the building.

We do not find the officer's testimony incredible because he did not immediately place defendant under arrest, nor because he wrote, initially, in the complaint report, that defendant was being arrested for loitering only. The remaining inconsistencies are similarly not so pronounced as to disturb the conclusions of the trier of fact as to the credibility of the witness. *(People v Wright,* 71 AD2d 585.)* Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.